Pg-1

In the U.S. Dist. Crt.
for the Central Dist. of Il.
Peoria Div.

Samuel Span (R12605)  )
plaintiff                )
   -vs-                  )
                         )
Michael Melvin, Emily Ruskin, )   Case No. _____
Teri Kennedy, Kelly Renzi,    )
John Soko, Sara Cheshareck,   )   Magistrate Judge: _____
Andrea Moss, Barbra Browning, )
Crystal Carlson, Jessica L. Otto) 
Mrs. "K. Ortega", Melvin Hinton) Judge: _____
Dir. John Baldwin (and John) 
And Jane Doe Defendants)
Andrew Kromya, Lt. Smith
Nichelle Howell   Defendants

SCANNED at PCC and E-Mailed
02.21.18 (date) by JP (initials)
  18   (# of pages)

<u>1983 Civil Action</u>

1)   Plaintiff brings this action pursuant to 42 U.S.C. §1983 to redress violations of plaintiffs rights under the Eighth and fourteenth Amendments of the U.S. Constitution, and pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq. ("ADA") And the Rehabilitation Act, 29 U.S.C. § 794.

## Jurisdiction And Venue

2) This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201 And 2202. Venue is proper in this District because All Allegations And/or events giving rise to this action occured @ Pontiac Correctional Center ("Pontiac") in Pontiac, Il. In this District.

3) **Defendants And other Relevant Persons/Entites.**
Defendant Michael Melvin is Acting Warden of Pontiac C.C. And has ultimate oversight and Approval Authority over the Daily runnings/operations of Pontiac C.C. Plaintiff Sues him, Michael Melvin, in his individual Capacity and in his official Capacity for Declaratory and injunctive relief.

4) Defendant Teri Kennedy is "Warden of Operations" of Pontiac C.C. Plaintiff Sues her in her Individual Capacity

5) Defendant Emily Ruskin is "Warden of Programs" of Pontiac C.C. Plaintiff Sues her in her Individual Capacity.

pg 3

6) Defendant Andrew Ksromiga (or Krominga) is a Correctional officer @ Pontiac C.C.

7) Defendant "Lieutenant Smith" is a Lieutenant at Pontiac C.C.

8) Defendant(s) John Soko, Sara Cheshareck, Andrea Moss, Barbra Browning, Crystal Carlson, "K. Ortega" Are Contracted mental health employess at Pontiac c.c.

9) Defendant Jessica L. Otto "WAS" at Relevant times a Contracted mental health employee at Pontiac c.c.

10) Defendant Kelly Renzi is /And was at relevant times/ Mental health Administrator at Pontiac c.c.

11) Defendant Melvin Hinton is Director of mental health Services for Illinois Dept. of Corrections.

12) Defendant John Baldwin is Director of Illinois Dept. of Corrections.

13) John and Jane Doe defendants Are defendants who cannot be named at this time for lack of information but are employed at Pontiac c.c.

pg 4

14) According to the Prison litigation reform Act an offender who is incarcerated in the Ill. Dep. of Correction must complete the grievance process before he/she can file a civil complaint.
As can be seen by exhibit 1A-4B plaintiff has completed grievance process thus he now brings forth his complaint.

## Events Relevant to Complaint

15) Plaintiff suffers from serious mental illnesses and/or conditions and has a history of suicide attempts. I.D.O.C. considers and/or has classified plaintiff as being serious mentally ill.

16) On Oct. 2nd 2017 plaintiff was seen by mental health employee "Mrs. K. Ortega" at his request. Plaintiff presented Mrs. Ortega with a note, via security staff, stating that he felt that due to on going events he may have to "Defend" himself against security staff. At this point Mrs. Ortega proceeded to place plaintiff on a "Ten minute suicide watch."
Plaintiff who was at this time (and still is) housed in

pg. 5

Pontiac Correctional Centers mental health unit / Residential treatment unit. Plaintiff was escorted from the "interview room" in the mental health unit to the "Suicide watch cell" (Cell 205) in the mental health unit by ofc. Andrew Krominga (or Kromiga) and another unknown officer. Before being placed in cell plaintiff was stripped naked and placed in a "Suicide Smock" and secured in restraints, i.e. Handcuffs and shackles.

Once plaintiff was placed in cell (cell 205) he was given a "Suicide Blanket" and no mattress. His handcuffs were removed but his "shackles" were left on his legs. Plaintiff inquired as to why shackles were not being taken off. Ofc. Andrew Krominga (or Kromiga) stated "Per Lieutenant Smith they stay on. You guys need to stop calling crisis on our shift." With that plaintiff was left in cell naked except for a "Suicide Smock" and a "Suicide Blanket", no mattress. It should be noted that shackles were placed on plaintiff by ofc. Andrew Krominga (or Kromiga).

For two days, Oct. 2nd 2017 to Oct. 4th 2017, plaintiff was forced to not only wear the shackles but sleep in them. On Oct. 4th 2017 shackles were removed from plaintiffs legs but at this point his lower legs / ankles were so swollen that the shackles became embedded in his flesh. Both ankles were swollen and had lacerations from the shackles.

17) For twenty-eight days, Oct 2nd 2017 — Oct 30th 2017, plaintiff was left on "Suicide Watch Status" eventhough plaintiff never once stated that he was suicidal. For Approx. three weeks plaintiff was forced to sleep (when he was able to sleep) on concrete because he was not allowed to receive a mattress, because he was on a "Ten Minute Watch Status". A status that consisted of a wellness check every ten minutes, so when plaintiff tried to sleep he was awoken every ten minutes. Thus causing him to start hallucinating from lack of sleep and eventually "Shut Down" mentally and emotionally to the point where he could not verbally communicate with mental health staff (named mental health Defendants) who did his daily assessments.

18) On 11-14-17 plaintiff was seen by medical Dept. At his request for severe nerve pain in lower back and hip associated with being forced to sleep on concrete for Approx. three weeks while on Suicide Watch Status. Plaintiff was proscribed "Levetiracetam - 500mg" - A.K.A. "Keppra" which is a medication for nerve pain. Proscription ordered by Nurse Practition "Cheryl Hensen" See ex. 2A - 2C

Pg. 7

## Count 1
Violation of the eighth and fourteenth Amendments to the U.S. Constitution Against prison Authority Defendants, The Doe Defendants and mental health Defendants and Dir. John Baldwin.

19) Defendants, through their acts and omissions described Above, deprived plaintiff of his rights under the eighth and fourteenth Amendment to be free of cruel and unusual punishments.

20) Defendants, through their acts and omissions described above caused plaintiff unnecessary pain and suffering by placing him on "ten minute watch status", "watch status" for Approx 28 days when he neither expressed or Attempted self harm, forced him to wear shackles for 48 hrs Straight causing swelling and laceration in lower legs, forcing him to sleep on Concrete for Approx three weeks without A matteress, leaving him in a cell on watch status for 28 Days where cell light was kept on 24/7 And for three weeks was subjected to "ten minute wellness checks" every ten minutes — meaning he was Awoken every ten minutes — thus Depriving him of sleep. Due to this sleep Deprivation he suffered from hallucinations and a "psychological Break Down".

Pg. 8

21) The Defendants, through their actions subjected plaintiff to cruel and unusual punishments. The punishment included the extreme deprivations imposed upon him during his prolonged Suicide watch that caused mental and physical hardship outside of that normally associated with daily prison life.

## Cont II

Violation of the eighth and fourteenth Amendments to the U.S. Constitution and of plaintiff's liberty interest, Against All Defendants named. (failure to provide medical care)

22) Through their conduct described above, Defendants were Deliberately indifferent to plaintiffs Serious medical needs. Instead, through their conduct, Defendants punished plaintiff for his mental health conditions and denied plaintiff adequate treatment for, and in fact exacerbated his mental health conditions by subjecting him to prolong "Suicide watch placement" And the harsh and humiliating conditions associated with it. This prolong Suicide watch placement served no penological or psychological purposes.

## Count III

Discrimination Based on Disability Against Warden Michael Melvin, Dr. Kelly Renzi and Dr. Melvin Hinton, And the Doe Defendants. (Title II of the ADA)

23) Plaintiff is a qualified individual with a disability as defined under the ADA and its implementing regulations, including 42 U.S.C. §12131(2) And §12102(2). Plaintiff has mental and/or physical impairments that substantially limit one or more major life activities, has ~~[redacted]~~ a record of having such impairments and is Regarded as having such impairments.

24) Plaintiff meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by Defendants.

25) Defendants have discriminated against plaintiff on the basis of his disabilities in at least the following way(s).

(A) Placing plaintiff on Suicide Watch Status As A punishment for reporting that he felt that he may have to defend himself Against Security.

(B) Refusing to provide plaintiff with proper and Adequate mental health treatment while on "Watch Status". Despite Knowledge of his S.M.I

(C) Refusing to let plaintiff participate in "theraputic group sessions" while he was on "Watch Status" thus causing his mental illnesses to exacerbate.

(D) Failing to Reasonably accommodate plaintiffs Disabilities and instead Discriminating against him in ways that increase the severity of and punished him for his mental health Conditions by such methods as depriving him of cloths, heat, a mattress, Sleep and Sanitary Surroundings.

## Count IV
Violation of the Rehabilitation Act Against named Defendants and Doe Defendants (Rehabilitation Act)

26) IDOC Receives federal financial assistance, thus making it subject to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (A) And § 705 (A)

27) Plaintiff is an otherwise qualified individual with a disability as Defined in the Rehabilitation Act and implementing Regulations. Plaintiff has mental And/or physical

P5 11

impairments that Substantially limit one or more major life Activities, has A record of having Such impairments and is regarded as having Such impairments.

28) Defendants have Discriminated against plaintiff on the Basis of his Disabilities in at least the following ways:

(A) placing plaintiff on Suicide watch Status As A punishment for Reporting that he felt that he may have to defend himself Against Security.

(B) Refusing to provide plaintiff with proper And Adequate mental health treatment While on "Watch Status" Despite knowledge of his S.M.I.

(C) Refusing to Allow plaintiff to participate in "theraputic group Sessions" While he was on "Watch Status" thus Causing his mental illnesses to exacerbate.

(D) failing to Reasonably Accommodate plaintiffs Disabilities and instead Discriminating Against him in ways that increase the Severity of and punished him for his mental health Conditions by Such methods as Depriving him of Cloths, heat, A mattress, Sleep and Sanitary Surroundings.

29) In Acting in the manner alleged above, Defendants have unlawfully discriminated against plaintiff in Violation of the Rehabilitation Act And the Americans With Disabilities Act.

30) <u>Warden Michael Melvin</u> is Chief Administrator Officer of Pontiac c.c. And has ultimate oversight of the Daily operations of Pontiac.

<u>Warden Teri Kennedy</u> is Warden of operations at Pontiac C.C.

<u>Warden Emily Ruskin</u> is Warden of programs at Pontiac C.C.

<u>Dr. Kelly Renzi</u> is mental health Administrator at Pontiac C.C. And has ultimate oversight of treatment for S.M.I offenders at Pontiac c.c.

<u>Dr Melvin Hinton</u> is Chief of mental health Services for I.DOC And has ultimate oversight for treatment of S.M.I offenders in I.DOC.

<u>John Baldwin</u> is Director of I.D.O.C. And has final say so on inmates grievances

pg. 13

Defendants: Sokol, Moss, Otto, Cheshareck, Ortega, Browning, howell (and Doe Defendants,) All had/has Dealings with And/or provided "treatment" to plaintiff

Defendant Andrew Krominga (or kromiya) is a Correctional officers at Pontiac c.c.

Defendant Lt. Smith is a lieutenant at pontiac c.i.

31) Plaintiff is Seeking punitive and injunctive relief and Compensation for Damages. (Injunctive Relief in form of transfer to facility properly equipped & Staffed to house and treat S.M.I. offenders)

32) Plaintiff prays that this Court sees that he has exhausted his Remedies Available to him as in accordance with the prison litigation Reform Act And grants his reliefs.

/s/ [signature]

Respectfully Submitted by

DAte 2-20-18

Samuel Span # R12605
Pontiac Correctional Center
P.O. Box 99
Pontiac Il 61764

Bruce Rauner
Governor



John Baldwin
Acting Director

ex. 14

# The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: **Span, Samuel**  Date: **Feb. 5, 2018**
Register #: **R12605**
Facility: **Pontiac**

This is in response to your grievance received on **1/31/18**. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: **10/31/17**  Grievance Number: **067021**  Griev Loc: **Pontiac**

- ○ Transfer denied by the Facility
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ○ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated _____ Incident # _____
- ⦿ Other **Suicide/Crisis watch procedure conditions Oct/2017 MHP chronic**

Based on a review of all available information, this office has determined your grievance to be:

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.
- ○ Denied, in accordance with DR504F, this is an administrative decision.
- ⦿ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- ○ Denied, as the transfer denial by the facility on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

- ○ Denied as the facility is following the procedures outlined in DR525.
- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: **No merit.**

FOR THE BOARD: **S. Benton**  CONCURRED: **John R. Baldwin 2/5/18**
Sherry Benton  John R. Baldwin
Administrative Review Board  Acting Director

CC: Warden, **Pontiac** Correctional Center
**Span, Samuel**, Register No. **R12605**

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

Ct. 1B

| Field | Value |
|---|---|
| Inmate Id: | R12605 |
| Name: | SPAN, SAMUEL |
| Chair Code: | SHBE |
| Grv Type: | L |
| Grv Code: | MEDICAL |
| Receive Date: | 01/31/2018 |
| Hearing Date: | 00/00/0000 |
| Mailing Date: | 00/00/0000 |
| Grv Loc: | PONTIAC CC |
| Hearing Loc: | PONTIAC CC |
| Ret Form Ind: | |
| Modify Ind: | |
| Deny Ind: | |
| Favorable Ind: | |
| Deferred Ind: | |
| Moot Ind: | |
| Grievance Number: | 067021 |
| Incident Number: | |
| Incident Date: | 00/00/0000 |
| Incident Inst: | |
| Date Receipted: | 02/01/2018 |

Comments: GRV# 067021. GRVS SUICIDE WATCH CONDITIONS OCT/2017. GRV IS DATED 10/31/17.

ILLINOIS DEPARTMENT OF CORRECTIONS
Offender Outpatient Progress Notes

Exhibit 2A

PONTIAC CORRECTIONAL Center

Offender Information:
Span, Samuel    ID#: R12605

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 11/14/17 1100 116/70 16, 98% 74 | **SICK CALL** S: I/M presents c̄ mult c/o. c/o HA, SlR Tylenol not working. Requesting renewal of excedrin and hemorrhoid cr. Also request Rx for pain med. O. VSS, A/Ox3 lungs - CTAB CAD - RRR S₁S₂ m/s - ↓ ROM 2° pain A. ® mild supraspinatus tendinosis | 1. Keppra 500mg po BID x 3mo 2. D/C Tylenol 3. Excedrin migraine ī QD x 3mo 4. tolnaftate CR AAA QD x 3mo 5. hemorrhoid CR AAA QD x 3mo CHansen FNP |

noted 11/14/17 Johnson

Exhibit 2B

ILLINOIS DEPARTMENT OF OFFENDER
## Offender Health Status Transfer Summary

**Transferring Facility:** Pontiac Center

**Offender Information:**
Last Name: Sloan
First Name: Samuel
MI: 
ID#: R12605

**Date:** 12/2/17  **Time:** 2:00 ☒a.m. ☐p.m.

### Transfer Screening (completed by transferring facility health care staff):
☐ HIV Test & Counseling Offered (only transfers to ATC, parole, release or discharge)

- **Allergies:** NKDA
- **Food Handler Approved:** Yes
- **Current / Acute Conditions / Problems:** headaches
- **Chronic Conditions / Problems:** Asthma, Seizures, Bipolar D/O, Personality D/O
- **Current Medications** (name, dosage, frequency, and duration):
  - **Acute Short-term:** hemorrhoid cream, Tolfactate cream
  - **Chronic Long-term:** Excedrine Migraine, Keppra, Xopenex
  - **Chronic Psychotropic:** Lamictal, Prazosin, Haldol, Buspar, Cogentin
- **Current Treatments:** 
- **Therapeutic Diets:** Regular
- **Follow-Up Care:** RHC
- **Chronic Clinics:** Asthma
- **Specialty Referrals:** Psych
- **Significant Medical History:** (L) knee arthroscopy (2010)
- **Physical Disabilities / Limitations:** —
- **Assistive Devices / Prosthetics:** ☐ Glasses ☐ Dentures ☒ Hearing Aid
- **Mental Health Issues:** ☒ Hx Suicide Attempt: Date: / /2014  ☒ Hx Psych Med  ☐ Hx MPC / STC  **Substance Abuse:** ☒ Alcohol ☒ Drugs

**R & C Use Only:** ☐ LAB  ☐ EKG  ☐ CXR  ☐ Dental  ☐ MEDS  ☐ MH  ☐ Other:  ☐ Packet Complete

Print Name and Title: Jenn Duvall LPN
Signature: [signature]
Date: 12/2/17

### Reception Screening (completed by receiving facility health care staff):
- **Facility:** 
- **Date:** / /
- **Time:** ☐ a.m. ☐ p.m.

**Subjective:**
- Current Complaint:
- Current Medications/Treatment:

**Assessment:**

**Objective:**
- Physical Appearance/Behavior:
- Deformities: Acute/Chronic:
- T:   P:   R:   B/P:   /

**Plan: Disposition:**
- ☐ Health Information Given  ☐ Emergency Referral:
- ☐ Sick Call:  Urgent / Routine
- ☐ Medication Evaluation  ☐ Therapeutic Diet  ☐ Special Housing  ☐ Chronic Clinics
- ☐ Work / Program Limitation  ☐ Specialty Referrals  ☐ Other (specify):
- ☐ Infirmary Placement:
- ☐ Other (specify):

Printed Name and Title: 
Signature: 
Date: / /

### For Adult Transition Center transfers only:
I understand that medical and dental care are my responsibility while I am housed in a transition center. I also understand that if I am in need of health care and I cannot afford to pay for it, I may be transferred back into a facility within the Department that can provide my medical, mental health, or dental needs.

Offenders Signature: 
Date: 
Time: ☐ a.m. ☐ p.m.

Distribution: Offender's Medical Record; Transferring Facility; Receiving Facility

DOC 0090 (Rev. 11/2012)

# MEDICATION ADMINISTRATION RECORD — BOSWELL PHARMACY SERVICES
814-629-1397 • Fax: 814-629-7644

Exhibit 2C

| EFFECTIVE DATES | MEDICATIONS | HOUR | 1–31 (charting) |
|---|---|---|---|
| Original Order 11/16/2017 / Discontinue 2/13/2018 / Rx# 53466214 | HEMORRHOIDAL (57GM) OIN — SUB FOR: PREPARATION H — HANSEN, CHERYL — APPLY TO AFFECTED AREA(S) EVERY DAY | | 11·16 ... 1 (day 6) |
| Original Order 11/2/2017 / Discontinue 12/1/2017 / Rx# 53421694 | PM-BENZTROPINE MES 1MG TAB — SUB FOR: COGENTIN — PUGA, WILLIAM — TAKE 1 TABLET(S) BY MOUTH EVERY MORNING *WITNESS DOSE* — D/C when active approved 11-28-17 | AM | entries through ~day 8, then D/C |
| Original Order 11/2/2017 / Discontinue 12/1/2017 / Rx# 53421697 | PM-BENZTROPINE MES 2MG TAB — SUB FOR: COGENTIN — PUGA, WILLIAM — TAKE 1 TABLET(S) BY MOUTH AT BEDTIME *WITNESS DOSE* — D/C when active approved 11-28-17 | | entries through ~day 8, then D/C |
| Original Order 11/2/2017 / Discontinue 12/1/2017 / Rx# 53421693 | PM-HALOPERIDOL 10MG TAB — SUB FOR: HALDOL — PUGA, WILLIAM — TAKE 1 TABLET(S) BY MOUTH TWICE A DAY *WITNESS DOSE* 11-28-17 3M | AM | charted across month |
| Original Order 11/2/2017 / Discontinue 12/1/2017 / Rx# 53421691 | PM-LAMOTRIGINE 25MG TAB — SUB FOR: LAMICTAL — PUGA, WILLIAM — TAKE 2 TABLET(S) BY MOUTH EVERY MORNING *WITNESS DOSE* | AM | 11-28-17 pmed |
| Original Order 11/16/2017 / Discontinue 2/13/2018 / Rx# 53466196 | PM-LEVETIRACETAM 500MG TAB — SUB FOR: KEPPRA — HANSEN, CHERYL — TAKE 1 TABLET(S) BY MOUTH TWICE A DAY *WITNESS DOSE* | AM | charted across month |

Initial / Signature: KB KBeecher; AS Angela Jen M, 6sn; M Mohnson; OB Chester

| Location | Inmate Name and Number | Date of Birth / SSN | Allergies | Facility | Charting for | Through |
|---|---|---|---|---|---|---|
| SM295cf | SPAN, SAMUEL R12605 | 07/27/1983 | NO KNOWN DRUG ALLERGY | PONTIAC CORR CTR | 12/01/2017 | 12/31/2017 |