UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SAMUEL SPAN,  )
   Plaintiff,  )
   )
vs.  )      No. 18-1078
   )
MICHAEL MELVIN, et. al.  )
   Defendants  )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Defendants Warden Michael Melvin, Assistant Warden Emily Ruskin, Assistant Warden Teri Kennedy, Mental Health Care Administrator Kelly Renzi, Director of Mental Health Services Melvin Hinton, Illinois Department of Corrections (IDOC) Director John Baldwin, Lieutenant Smith, Correctional Officer Andrew Kromiga, Mental Health Workers John Soko, Sara, Cheshareck, Andrea Moss, Barbara Browning, Crystal Carlson, and Jessica Otto, and unspecified John Doe Defendants violated his constitutional rights at Pontiac Correctional Center.

1

Plaintiff says he suffers from a serious mental illness and he has a history of suicide attempts. Plaintiff says he is classified within IDOC as seriously mentally ill, but Plaintiff does not state his specific diagnosis, nor does he provide any other information about his condition.

On October 2, 2017, Plaintiff met with Mental Health Worker Ortega and gave her a note "stating that he felt that due to going events he may have to 'defend' himself against security staff." (Comp., p. 4). Defendant Ortega responded by placing Plaintiff on suicide watch. Plaintiff says he never stated, nor implied that he intended to hurt himself.

Defendant Kromiga applied handcuffs and leg shackles before taking Plaintiff to the suicide watch cell on October 2, 2017. However, after he was placed in the cell by Defendant Kromiga and another, unidentified officer, Defendant Kromiga refused to remove the leg shackles. When Plaintiff asked why, Defendant Kromiga stated, "per Lieutenant Smith they stay on. You guys need to stop calling crisis on our shift."(Comp., p. 5). Plaintiff says he remained in leg shackles for two days. When they were finally removed, Plaintiff says his legs were swollen and he had cuts on his ankles.

Plaintiff then describes the typical conditions within a suicide watch cell. For instance, Plaintiff was given a suicide smock, a suicide blanket, no mattress, and he was on ten minute watches. Plaintiff says he suffered with sleep deprivation, hallucinations, and his mental state deteriorated during this time. Plaintiff remained in the suicide watch cell for 28 days until October 30, 2017.

2

Plaintiff met with medical staff after his release on November 14, 2017. Plaintiff says he was suffering with severe back and hip pain from due to sleeping without a mattress while on suicide watch. Plaintiff was prescribed pain medication.

Plaintiff has listed four counts at the conclusion of his complaint. (Comp., p. 7-11). First, Plaintiff says Defendants violated his Fourteenth and Eighth Amendment rights when he was placed in a suicide watch cell for 28 days when he was not suicidal. Plaintiff says his mental health deteriorated and he was left in leg shackles for two days. Plaintiff also complains about his specific living conditions. Count II alleges Defendants were deliberately indifferent to his medical needs when Plaintiff was not provided mental health care during his stay on suicide watch. Counts III and IV allege violations of the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA).

Based on the claims in the complaint, Plaintiff he has alleged Defendant Mental Health Worker Ortega violated his Eighth Amendment rights when she placed Plaintiff on suicide watch for 28 days, but failed to provide or require adequate mental health care during this time. Plaintiff has also alleged Defendants Kromiga and Lieutenant Taylor violated his Eighth Amendment rights when he was forced to stay in leg shackles for two days.

While Plaintiff also alleges he was forced into a suicide watch cell even though he was not suicidal, he has not articulated a constitutional violation based on this fact alone. *See Starks v. Couch*, 2009 WL 331357, at *2 (S.D.Ill. Feb. 11, 2009)(plaintiff "has not stated a claim for a due process or a First Amendment violation because there is no constitutional right to avoid being placed on suicide watch."). In fact, several courts

have noted "[t]emporary placement on suicide watch, even when not necessary, does not implicate a liberty interest protected by the Due Process Clause, nor does it amount to cruel and unusual punishment under the Eighth Amendment." *Jones v. Lee*, 2012 WL 683362, at *4 (E.D.Mich. March 2, 2012)(listing cases) ; *see also Johnson v. McVea*, 2016 WL 1242840, at *6 (E.D.La. March 7, 2016)(listing cases); *Hunter v. Williams*, 2013 WL 3467097, at *2 (M.D.Tenn., July 10, 2013)(listing cases); "*Marshall v. Burden,* No. 5:09CV00128, 2010 WL 670079, at *5 (E.D.Ark. Feb. 22, 2010); *Cherer v. Frazier,* No. 2:06–cv–00502, 2007 WL 2406844, at *5–6 (D.Nev. Aug. 16, 2007). In addition, from Plaintiff's pleading, it appears he saw the mental health worker after requested crisis watch.

Nonetheless, for the purposes of notice pleading, it is possible Plaintiff can demonstrate an Eighth Amendment violation based on the specific problems with his cell. For instance, Plaintiff claims he was never provided a mattress and the lights were left on for 24 hours a day. However, it is not clear from Plaintiff's complaint who knew about the specific conditions of his cell. While Defendant Mental Health Worker Ortega ordered his placement on suicide watch, Plaintiff does not allege any other contact. In addition, Plaintiff has listed several other individuals in the list of Defendants, but he has either failed to mention their involvement in the body of his complaint, or he has named them as Defendants purely because they were supervisors. Neither is sufficient to establish liability in a lawsuit pursuant to 42 U.S.C. §1983. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal

4

construction to be given pro se complaints."); *see also Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983). Instead, Plaintiff must identify Defendants who had personal involvement with Plaintiff's living conditions during the 28 days.

If the Plaintiff believes he can clarify this allegation, he may file a motion for leave to amend with a proposed amended complaint attached within 21 days of this order. The amended complaint must stand complete on its own, must include all claims against all Defendants, and must not make reference to any previous complaint.

Finally, Plaintiff has failed to state a claim pursuant to either the ADA or RA. To establish a violation of Title II of the ADA, "the plaintiff must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Analysis under the RA is essentially the same, except the Act also required the entity denying access receive federal funds. *See Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 671–72 (7th Cir. 2012). In addition, claims pursuant to the ADA or RA cannot proceed against "individual employees of IDOC." *Id*. Instead, the proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Peters v. United States,* 2017 WL 2533652, at *4 (S.D. Ill. Aug. 14, 2017); *Jaros*, 684 F.3d at 670 n.2.

Plaintiff has failed to identify any specific mental illness which might qualify as a disability. Therefore, based on his complaint, Plaintiff may proceed with his claims

5

alleging: 1) Defendants Kromiga and Lieutenant Taylor violated his Eighth Amendment rights when Plaintiff was forced to stay in leg shackles for two days; and 2) Defendant Mental Health Worker Ortega violated Plaintiff's Eighth Amendment rights when she placed Plaintiff on suicide watch for 28 days, but failed to provide or require any mental health care during this time. All other intended claims and Defendants will be dismissed.

The Court notes Plaintiff has filed a letter with the Court which is addressed to Warden Michael Melvin. [6]. The letter was filed as a motion, but it appears Plaintiff filed a random exhibit with the Court. Therefore, the motion is denied as moot. [6].

Plaintiff has also filed two motions for appointment of counsel [5, 13] and a motion to supplement his motion for appointment of counsel. [10]. Plaintiff's motion to supplement is granted. [10]

Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motions, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, Plaintiff has demonstrated at least some attempt to find counsel on his own. Plaintiff claims he has a serious mental illness. Nonetheless, Plaintiff's complaint clearly set out the basis of his two surviving claims. Plaintiff is able to describe the injuries he suffered when the shackles were left on his legs. In addition, Plaintiff can describe his condition during his stay on suicide watch, any efforts he made to obtain treatment, and the responses he received. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). Plaintiff also has at least some litigation experience in similar lawsuits. *See Span v. Williams,* Case No. 05-1292 in the Central District; *Span v. Chaves*, Case No. 15-50063 in the Northern District of Illinois.

Finally, the Court will set this matter for a telephone status hearing once the Defendants are served to discuss the claims, defenses, and any interest in mediation. The Court will also enter a scheduling order after the hearing which provides information to assist a pro se litigant, and requires the exchange of initial, relevant discovery. Therefore, Plaintiff's motions are denied at this stage of the litigation. [5, 13].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendants Kromiga and Lieutenant Taylor violated his Eighth Amendment rights when Plaintiff was forced to stay in leg shackles for two days; and b) Defendant Mental Health Worker Ortega violated Plaintiff's Eighth Amendment rights when she placed Plaintiff on suicide watch for 28 days, but failed to provide or require any mental health care during this

time. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss all Defendants except Andrew Kromiga and K. Ortega for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) add Defendant Lieutenant Taylor; 3) deny Plaintiff's motion (exhibit) as moot, [6]; 4) grant Plaintiff's motion to supplement, [10]; 5) deny Plaintiff's motion for appointment of counsel, [5, 13]; 6) deny Plaintiff's motions for status update as moot, [11, 12, 13]; 7) attempt service on Defendants pursuant to the standard procedures; 8) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 9) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 12th day of June, 2018.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE